## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SHYANNE CHAVEZ, individually and as
Personal Representative of the ESTATE OF
JOHN T. CHAVEZ,

     Plaintiff,

v.                                  No.:  1:16-cv-986

AMERICAN FAMILY LIFE ASSURANCE COMPANY
OF COLUMBUS (AFLAC),

     Defendant.

### NOTICE OF REMOVAL

COMES NOW, Defendant American Family Life Assurance Company of Columbus ("AFLAC"), by and through its undersigned attorneys, Stiff, Keith & Garcia, LLC (Ann L. Keith, Esq.), and hereby files its Notice of Removal and in support thereof states the following:

1.    Plaintiff commenced this lawsuit against AFLAC by filing her Complaint as Shyanne Chavez, individually and as Personal Representative of the Estate of John T. Chavez, in the Second Judicial District Court, County of Bernalillo, State of New Mexico, cause No. D-202-CV-2016-04406.

2.    Plaintiff's lawsuit is a civil action which alleges, inter alia, that AFLAC committed breach of contract, bad faith and violated the Unfair Trade Practices Act and the Unfair Claims Practices Act, all arising out of an accident claim, which in and of itself arose out of a shooting on August 5, 2013, in Albuquerque, New Mexico.  Plaintiff seeks the benefits of the accident insurance policy, but also seeks punitive damages, interest, attorneys' fees, and costs arising out of the claim handling by Defendant AFLAC.

3.      A true and correct copy of all process, pleadings, and orders served upon AFLAC relating to this matter are attached hereto as Exhibit A as provided by 28 U.S.C. §1446(a).

4.      On or about August 3, 2016, Plaintiff served AFLAC with a copy of the Summons and Complaint through AFLAC's Registered Agent, Audrey Boone Tillman. Aside from the material in Exhibit A, AFLAC is not aware of any other process, pleadings, or orders served upon AFLAC in this action.

5.      AFLAC files this Notice of Removal within thirty (30) days of AFLAC's receipt of Plaintiff's Complaint, and it is therefore timely under 28 U.S.C. §1446(b).

6.      Venue of this removal is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the District of New Mexico embracing the place where the state court action is pending.

7.      This is a civil action that falls under this Court's original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§1441 and 1446.

8.      At the time the Complaint was filed on July 15, 2016, Plaintiff resided and continues to reside in Bernalillo County, State of New Mexico.  Plaintiff, thus, is and continues to be a citizen of the State of New Mexico.

9.      At the time the Complaint was filed on July 15, 2016, and served on Defendant AFLAC on August 3, 2016, Defendant AFLAC was and continues to be a corporation organized and existing under the laws of the State of Georgia.  Although AFLAC was incorporated in Nebraska, AFLAC's principal place of business was and continues to be Columbus, Georgia.  A corporation is a citizen of both the state where it

is incorporated and "where it has its principal place of business." 28 U.S.C. §1332(c)(1). However, in *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1191 (2010), the Supreme court held that the phrase "principal place of business" means the corporation's "nerve center," or "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." AFLAC, whose principal place of business and corporate officers are in the State of George, was and continues to be a citizen of the State of Georgia.

10.     Based on the foregoing, there is diversity of citizenship between Plaintiff and Defendant pursuant to 28 U.S.C. §1332(a).

11.     A District Court has original diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs…." 28 U.S.C. § 1332(a).

12.     The Plaintiff's Complaint alleges damages, but does not allege a specific amount of damages.     However, the Complaint alleges "the policies provided that Defendant AFLAC would pay the applicable lump-sum benefit of each policy to the beneficiaries named in Mr. Chavez's application for each policy." Furthermore, where a complaint does not contain dispositive allegations of the amount in controversy, a defendant may determine the jurisdictional amount by the allegations in the underlying complaint. *Id.* at 955; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

13.     A calculation of the amount in controversy includes both compensatory and punitive damages. *Watson v. Blakinship*, 20 F.3d 383, 386 (10th Cir. 1994)(citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)). This calculation may

include a reasonable estimate of attorney's fees, as long as a statute permits recovery as such. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998)(citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)); *see also* 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §3712 (3d ed. 2009). The calculation also includes treble damage claims. *See Dairyland*, 143 F. 3d at 1340.

14. Plaintiff has expressed in her Complaint that she is entitled to compensatory damages, treble damages, punitive damages, pre- and post-judgment interest, attorney's fees and costs pursuant to the Unfair Claims Practices Act.

15. Based on the foregoing, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. §1332(a), and accordingly, meets this Court's jurisdictional requirement.

## CONCLUSION

16. This state court action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. §1441(a) and (b) because (1) this action is a civil action pending within the jurisdiction of the United States District Court for the District of New Mexico; (2) this action is between citizens of different states; and (3) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17. Pursuant to 28 U.S.C. §1446(d), written notice of the removal of this action has been given to Plaintiff's counsel, and a Notice of Filing for Removal has been filed with the Second Judicial District Court, attached hereto as Exhibit B.

WHEREFORE, Defendant AFLAC gives notice that this case is removed from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico.

Respectfully submitted,

STIFF, KEITH & GARCIA, LLC

By _____
Ann L. Keith, Esq.
400 Gold Ave. S.W., Suite 1300-West
Albuquerque, New Mexico 87102-3274
Phone:      (505) 243-5755
E-mail:     akeith@stifflaw.com
*Attorney for Defendant Aflac*

I HEREBY CERTIFY that on the 2nd day of September, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jennifer Delnick, Esq.
WILL FERGUSON AND ASSOCIATES
1720 Louisiana Blvd NE, Ste. 100
Albuquerque, NM 87110
505-243-5566
Jennifer@fergusonlaw.com
*Attorney for Plaintiff*

_____
Ann L. Keith, Esq.