FILED IN MY OFFICE
DISTRICT COURT CLERK
7/15/2016 3:01:18 PM
James A. Noel
Chris Peck

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SHYANNE CHAVEZ, individually and as
Personal Representative of the ESTATE OF
JOHN T. CHAVEZ,

        Plaintiff,                        Case No.    D-202-CV-2016-04406

vs.

AMERICAN FAMILY LIFE ASSURANCE COMPANY
OF COLUMBUS (AFLAC),

        Defendant.

## COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, UNFAIR TRADE PRACTICES, UNFAIR CLAIMS PRACTICES, AND PUNITIVE DAMAGES

COMES NOW the Plaintiff, by and through her counsel of record, Will Ferguson & Associates (Jennifer A. Delnick), and for her Complaint for Breach of Contract, Bad Faith, Unfair Trade Practices, Unfair Claims Practices, and Punitive Damages states as follows:

### PARTIES AND JURISDICTION

1.    At all times material hereto, Plaintiff was a resident of Bernalillo County, Albuquerque, New Mexico, is over 18 years of age, and is otherwise competent to bring this lawsuit.

2.    Plaintiff is the daughter of John T. Chavez. Mr. Chavez passed away on August 4, 2013.

3.    Defendant American Family Life Assurance Company of Columbus (hereinafter "AFLAC") is a foreign, for-profit corporation doing business throughout the State of New Mexico. AFLAC's self-identified worldwide headquarters are located at 1932 Wynnton Road,

1



Columbus, Georgia 31999 and its registered agent for service of process at said location is

Audrey Boone Tillman.

    4.     This Court has jurisdiction to hear these claims, and venue is properly before this

Court pursuant to NMSA § 38-3-1(A).

## GENERAL ALLEGATIONS COMMON TO ALL
## COUNTS OF THIS COMPLAINT

    5.     On August 4, 2013, John T. Chavez passed away in a shooting outside his home.

    6.     Prior to his death, Mr. Chavez obtained both life and accident insurance with

Defendant AFLAC; Plaintiff was the named beneficiary of Mr. Chavez's life and accident

insurance policies issued by Defendant AFLAC.

    7.     Several weeks after Mr. Chavez's passing, Plaintiff provided Defendant AFLAC

with a certified copy of Mr. Chavez's death certificate, issued August 16, 2013.

    8.     Thereafter, Defendant AFLAC tendered to Plaintiff the benefits of Mr. Chavez's

life insurance policy but denied payment of benefits under the accident insurance policy.

    9.     On December 14, 2015, Plaintiff requested that Defendant AFLAC provide copies

of Mr. Chavez's life and accident insurance policies as well as copies of all correspondence to

the beneficiaries of the policies which either denied payment or provided only for partial

payment under the policies.

    10.    On January 27, 2016, Defendant AFLAC acknowledged receipt of Plaintiff's

request for copies of the aforementioned policies and correspondence and indicated it would only

provide the requested information upon receipt of an Authorization to Release Information;

Defendant AFLAC provided Plaintiff with a copy of the Authorization it requested.

    11.    On April 6, 2016, Plaintiff sent Defendant AFLAC a signed Authorization to

Release Information form and again requested that AFLAC provide copies of Mr. Chavez's life

and accident insurance policies as well as copies of all correspondence to the beneficiaries of the policies which either denied payment of provided only for partial payment under the policies.

12.     To date, Defendant AFLAC has not provided Plaintiff with the aforementioned requested information despite Plaintiff's repeated request for same and Plaintiff's provision to AFLAC of the Authorization to Release Information, nor has Defendant AFLAC paid Plaintiff the benefits of Mr. Chavez's accident insurance policy.

**COUNT I:**
**BREACH OF CONTRACT**

13.     Plaintiff re-alleges all preceding paragraphs of this Complaint and incorporates them herein.

14.     Prior to his death, John T. Chavez purchased both a life insurance policy (policy number PH076286) and an accident insurance policy (policy number PH076284) from Defendant AFLAC.

15.     A policy of insurance is a contract.

16.     Upon information and belief, the policies provided that Defendant AFLAC would pay the applicable lump-sum benefit of each policy to the beneficiaries named in Mr. Chavez's application for each policy.

17.     Plaintiff was the named beneficiary for both policies.

18.     Upon information and belief, the policies also provided that Defendant AFLAC would pay all policy benefits immediately upon receipt of due written proof of loss.

19.     Less than three (3) weeks after Mr. Chavez's death, on or about August 23, 2013, Plaintiff timely provided Defendant AFLAC with a certified copy of Mr. Chavez's death certificate so as to receive the lump-sum benefit of the policies.

20.     Although Defendant AFLAC tendered the life insurance benefits to Plaintiff, it denied payment of the accident insurance benefits.

21.     As the beneficiary for the accident insurance policy, Plaintiff is entitled to receive the benefits provided for under said policy.

22.     Defendant AFLAC breached the terms of the accident insurance policy by failing to tender the benefits of the accident insurance policy to Plaintiff.

23.     As a direct result of Defendant AFLAC's breach of contract, Plaintiff suffered damages in an amount to be proven at trial.

**COUNT II:**
**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

24.     Plaintiff re-alleges all preceding paragraphs of this Complaint and incorporates them herein.

25.     Implicit in the life and accident insurance policies between Mr. Chavez and AFLAC was the covenant that Defendant AFLAC would, at all times, act in good faith and deal honestly and fairly with Mr. Chavez and those entitled to receive the benefits of his life and accident insurance policies.

26.     Defendant AFLAC breached the implied covenant of good faith and fair dealing in one or more of the following ways:

      a.     Failing or refusing to acknowledge that the subject accident insurance policy applies to this matter;

      b.     Failing to disclose the terms and conditions governing the insurance at issue;

      c.     Denying coverage and payment of the accident insurance policy benefits to Plaintiff; and

4

    d.    Failing to provide Plaintiff with a reasonable explanation of the basis

    relied on for denial of her claim.

27.    As a direct result of Defendant AFLAC's breach of the duty of good faith and fair

dealing, Plaintiff suffered damages in an amount to be proven at trial.

**COUNT III:**
**VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT**

28.    Plaintiff re-alleges all preceding paragraphs of this Complaint and incorporates

them herein.

29.    At all times material, Defendant AFLAC was engaged in the business of

insurance in the State of New Mexico as defined by the New Mexico Insurance Code (NMSA §§

59A-1-1 *et seq.*) and was subject to New Mexico statutes contained within the New Mexico

Insurance Code including the New Mexico Unfair Claims Practices Act (NMSA §§ 59a-16-1 *et*

*seq.*).

30.    Plaintiff is a member of the class of the general public for whose benefit the New

Mexico Unfair Claims Practices Act was enacted.

31.    Defendant AFLAC violated the New Mexico Unfair Claims Practices Act by

engaging in unfair and deceptive claims practices including, but not limited to:

    a.    Failing to acknowledge and act reasonably promptly upon

    communications with respect to claims from its insureds arising under the

    policies;

    b.    Not attempting in good faith to effectuate prompt, fair and equitable

    settlements of an insured's claims in which liability has become

    reasonably clear;

c.      Compelling its insureds to institute litigation to recover amounts due under

the policies; and

d.      Failing to promptly provide its insured a reasonable explanation of the

basis relied on in the policies in relation to the facts or applicable law for

denial of a claim or for the offer of a compromise settlement.

32.     As a direct result of Defendant AFLAC's violation of the New Mexico Unfair

Claims Practices Act, Plaintiff has suffered damages and is, accordingly, granted a right to bring

this action to recover said damages in an amount to be proven at trial.

33.     As Defendant AFLAC willfully engaged in the aforementioned unfair claims

practices and because Plaintiff has been forced to retain the services of an attorney to enforce her

right to receive the benefits of Mr. Chavez's accident insurance policy in light of Defendant

AFLAC's violation of the New Mexico Unfair Claims Practices Act, Plaintiff is entitled to an

award of attorney's fees and costs associated with bringing this action.

## COUNT IV:
## VIOLATION OF THE NEW MEXICO UNFAIR PRACTICES ACT

34.     Plaintiff re-alleges all preceding paragraphs of this Complaint and incorporates

them herein.

35.     At all times material, Defendant AFLAC was authorized and licensed to sell

insurance and was engaged in "trade" or "commerce" as those terms are defined by the New

Mexico Unfair Practices Act (NMSA §§ 57-12-1 *et seq.*).

36.     Defendant AFLAC violated the New Mexico Unfair Practices Act by engaging in

unfair and deceptive trade practices including, but not limited to, the following:

a.      Representing that the subject insurance had benefits or qualities that it did

not have;

6

      b.     Representing that the insurance was of a particular standard or quality, when it was not;

      c.     Using ambiguity and failing to state material facts, which tended to deceive Plaintiff;

      d.     Stating that the insurance involved rights, remedies, and obligations that Defendant now says it did not have; and

      e.     Failing to deliver the quality or quantity of insurance coverage contracted for.

37.     Defendant AFLAC further violated the New Mexico Unfair Practices Act in connection with the sale and servicing of insurance products, to Plaintiff's detriment, by taking advantage of Plaintiff's lack of knowledge and experience to a grossly unfair degree.

38.     As a direct and proximate result of Defendant AFLAC's violation of the New Mexico Unfair Practices Act, Plaintiff has suffered damages and is, accordingly, granted a right to bring this action to recover said damages in an amount to be proven at trial.

39.     As Defendant AFLAC willfully engaged in the aforementioned unfair and deceptive trade practices, Plaintiff is entitled to treble damages.

40.     As Plaintiff has been forced to retain the services of an attorney to enforce her right to receive the benefits of Mr. Chavez's accident insurance policy in light of Defendant AFLAC's violation of the New Mexico Unfair Practices Act, Plaintiff is entitled to an award of attorney's fees and costs associated with bringing this action.

## COUNT V:
## PUNITIVE DAMAGES

41.     Plaintiff re-alleges all preceding paragraphs of this Complaint and incorporates them herein.

42.     Defendant AFLAC's acts and omissions alleged herein were done maliciously, willfully, recklessly, wantonly, and/or with utter indifference and conscious disregard for the rights of Plaintiff.  As such, Plaintiff is entitled to recover punitive damages in an amount sufficient to punish Defendant AFLAC for its misconduct and to deter others from engaging in similar misconduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order of the Court giving judgment against Defendant AFLAC for compensatory damages, treble damages, punitive damages, pre- and post-judgment interest, attorney's fees and costs, and all such other relief that this Court deems just and proper.

Respectfully Submitted,

*/s/ Jennifer Delnick*
Jennifer Delnick
*Attorneys for Plaintiff*
WILL FERGUSON AND ASSOCIATES
1720 Louisiana Blvd NE, Ste. 100
Albuquerque, NM 87110
Ph (505)-243-5566
Fax (505)-243-5699
jennifer@fergusonlaw.com

**FILED IN MY OFFICE**
**DISTRICT COURT CLERK**
**7/15/2016 3:01:18 PM**
**James A. Noel**
**Chris Peck**

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SHYANNE CHAVEZ, individually and as
Personal Representative of the ESTATE OF
JOHN T. CHAVEZ,

      Plaintiff,                           Case No.   D-202-CV-2016-04406

vs.

AMERICAN FAMILY LIFE ASSURANCE COMPANY
OF COLUMBUS (AFLAC),

      Defendant.

## PLAINTIFF'S CERTIFICATION
## REGARDING ARBITRATION UNDER RULE LR2-603

      JENNIFER DELNICK, counsel for Plaintiff, certifies that:

\_\_\_\_\_    This case _is_ subject to referral to arbitration under Local Rule 603.  No party seeks relief other than a money judgment and no party seeks and award in excess of $25,000 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

 X    This case _is not_ subject to referral to arbitration under Local Rule 603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000 inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

                                  Respectfully Submitted,

                                  _/s/ Jennifer Delnick_
                                  Jennifer Delnick
                                  _Attorney for Plaintiff_
                                  WILL FERGUSON AND ASSOCIATES
                                  1720 Louisiana Blvd NE, Ste. 100
                                  Albuquerque, NM 87110
                                  Ph (505)-243-5566
                                  Fax (505)-243-5699
                                  jennifer@fergusonlaw.com

1

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/12/2016 1:26:58 PM
James A. Noel
Lorenzo Renteria

IN THE DISTRICT COURT OF THE 2ND JUDICIAL DISTRICT OF NEW MEXICO FOR BERNALILLO COUNTY
SECOND JUDICIAL

Shyanne Chavez, individually and as Personal
Representative of the ESTATE OF JOHN T CHAVEZ

Case No.:D-202-CV-2016-04406

Plaintiff

v.

American Family Life Assurance Company of Columbus
(AFLAC)

Defendant

## AFFIDAVIT OF CORPORATE SERVICE

That I, Franky A. Hicks hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served

That on 8/3/2016 at 2:34 PM at 1932 Wynnton Rd, Columbus, GA 31999-0001 I served American Family Life Assurance Company of Columbus (AFLAC) with the following list of documents: Summons, Complaint for Breach of Contract, Bad Faith, Unfair Trade Practices, Unfair Claims    Practices, and Punitive Damages, Certificate of Arbitration, Plaintiff's First Set of Requests for Admissions, Interrogatories, and Requests for Production to Defendant AFLAC and Plaintiff's Certification Regarding Arbitration Under Rule LR2-603 by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with Debbie Beckon whose title is Legal Assistant.

That Debbie Beckon stated he/she had the authority to accept as the Legal Representative for the above listed person or entity.

That the description of the person actually served is as follows: Gender: Female Skin: White Age: 55 Height: 5'7" Weight: 145 Hair: Auburn Eyes: Glasses Marks:

That the fee for this Service is $ 209.90

Subscribed and sworn to before me, a Notary
Public, in the jurisdiction aforesaid, this
4                                    day

Name:

Commission Expires:

Franky A. Hicks
Contracted by Due Process USA, Inc
10005 Old Columbia Rd, Suite M-150,
Columbia, MD 21046
(800) 228-0484

Executed On:   88/04/16

Order #:P1 12565
Their File 35-15-02